IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AV DESIGN SERVICES, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES M. DURANT, et al.,<br><br>Defendants. | Civil No. 19-8688 (KMW) (MJS)<br><br>**Memorandum Opinion** |

THIS MATTER is before the Court on a motion filed by Defendant James Grimes, Jr. ("Grimes") to stay the current proceedings pending the outcome of a state court arbitration (ECF No. 116). In response to that Motion, Defendant James Durant and Plaintiffs James Landy, III ("Landy"), Rossen Karadjov ("Karadjov"), and AV Design Services, LLC ("AV Design" and with Landy and Karadjov, collectively "Plaintiffs") filed letters expressing that they do not oppose the Motion. *Durant Letter*, ECF No. 145; *Plaintiffs' Letter*, ECF No. 146. Accordingly, this Motion is proceeding before the Court unopposed. For the reasons set forth below, Grimes' Motion is **GRANTED**.

**I.    Background**

1.    Simply stated, this case concerns a business relationship gone awry. In 2012, Landy, Karadjov, and Grimes entered into an Operating Agreement of AV Design, dated August 1, 2012 ("Operating Agreement"). *Motion to Stay*, ECF No. 116-1 at 2; *Operating Agreement*, ECF No. 116-2. The Operating Agreement includes, *inter alia*, an arbitration clause that provides:

> All disputes arising under this Agreement shall promptly be submitted to arbitration in Philadelphia, PA, before one arbitrator in accordance with the rules of the American Arbitration Association. The arbitrator may assess costs, including

>counsel fees, in such manner as the arbitrator deems fair and equitable. The award of the arbitrator shall be final and binding upon all parties, and judgment upon the award may be entered in any court of competent jurisdiction.

*Id.* at § 22(i). In February 2019, Grimes and Plaintiffs ended their business relationship and Grimes, together with James Durant, created a competing audiovisual company. *State Court Complaint*, ECF No. 116-3 at 5, 7-8; *Supplemental Complaint*, ECF No. 105 at 14.

### A. Arbitration in State Court Action

2. On March 7, 2019, Grimes filed a Complaint and Order to Show Cause in the Superior Court of New Jersey, Burlington County, Chancery Division seeking restraints against Landy and Karadjov alleging that he was wrongfully dissociated from AV Design (the "N.J. State Action"). *Motion to Stay*, ECF No. 116-1 at 2. On April 8, 2019, the state court issued a consent order staying the N.J. State Action "'until an arbitration is had in accordance with the terms of the agreement.'" *Id.* at 3. Since that time, Grimes and Plaintiffs have been actively engaging in the arbitration process (the "Arbitration") ongoing before the Honorable Francis J. Orlando Jr. (Ret.). *Id.* at 3, 5. As part of that process, Plaintiffs have alleged certain claims against Grimes related to Grimes' dissociation from AV Design, his alleged breach of contract, and the improper handling of certain alleged confidential information and trade secrets. *Id.* at 3, 6.

### B. The Instant Federal Action

3. On March 18, 2019, Plaintiffs filed the instant action seeking a Declaratory Judgment. On August 3, 2021, Plaintiffs filed a Supplemental Verified Complaint ("Supplemental Complaint") (ECF No. 105) naming Grimes as a Defendant. *Id.* at 3-4. Summarily, the Supplemental Complaint asserts violations under the New Jersey Trade Secrets Act, the Defense Trade Secrets Act, and similar common law claims related to the misuse of alleged trade secrets and confidential information. *Id.* at 5. The parties have engaged in motion practice at various

times throughout the case and are currently conducting discovery.[1]

### C. Motion to Stay

4. Grimes filed the present motion to stay these proceedings until the Arbitration is concluded. According to Grimes, the counts alleged against him in this case have the same factual underpinning as the pending Arbitration, and thus the Motion must be granted. *Id.* at 4, 5-6 (citing *Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 269 (3d Cir. 2004)). Specifically, Grimes explains that the claims asserted in this case are duplicative of the claims that are the subject of the Arbitration in the N.J. State Action, noting that the seven counts against Grimes alleged in the Supplemental Complaint are the same as the counterclaims raised against Grimes in the arbitration. *Id.* at 1, 5-6. Grimes concludes that "the claims are subject to the current arbitration between the same parties as the instant case [and t]herefore, there is no dispute as to the Supplemental Complaint Claims' arbitrability and the Court should stay all claims as to Grimes." *Id.* at 6. Grimes also notes that Plaintiffs have not disputed or contested the arbitrability of the claims and have conceded a stay is appropriate. *Id.* at 7. Finally, Grimes argues that, even if the Court were to find that the claims are not duplicative, the Court should nevertheless stay the proceedings in accordance with the Operating Agreement, which requires that the disputes arising under the agreement be submitted to arbitration. *Id.* at 8.

5. No parties have filed any opposition to the Motion. In fact, Defendant James Durant and Plaintiffs have filed letters affirmatively expressing that they do not oppose the Motion. *Durant Letter*, ECF No. 145; *Plaintiffs' Letter*, ECF No. 146.

## II. Discussion

6. The Third Circuit has explained that the Federal Arbitration Act ("FAA")

---

[1] The Court notes that on October 28, 2021, Defendant Grant Advanced Video Technology, LLC filed a Pre-Answer Motion for Summary Judgment (ECF No. 122), which is pending before the Court.

"establishes a strong federal policy in favor of the resolution of disputes through arbitration and that the law presumptively favors the enforcement of arbitration agreements." *Brennan v. CIGNA Corp.*, 282 F. App'x 132, 135 (3d Cir. 2008) (citations omitted). Moreover, "[t]he FAA's overarching purpose is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate informal, streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S. Ct. 1740, 1743, 179 L. Ed. 2d 742 (2011). To help facilitate these informal, streamlined proceedings, "[p]arties may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit with whom they will arbitrate." *Id.* (internal citations omitted).

7. It is generally accepted that when the claims arise from a relationship governed by a written agreement that contains an arbitration clause, the defendant is permitted to seek a stay of the action, or parts of the action, pending arbitration. *See* BARTKUS, ET AL., N.J. FED. CIV. P. 6-6:8 (2021). Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3 (West). "The FAA requires courts to stay litigation and compel arbitration of claims covered by a written, enforceable arbitration agreement." *Bacon v. Avis Budget Grp.*, 959 F.3d 590, 599 (3d Cir. 2020) (citing FAA, 9 U.S.C. §§ 3, 4). Under the FAA, agreements to arbitrate are "valid, irrevocable, and enforceable," subject only to traditional contract principles. 9 U.S.C. § 2; *see also CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (citations omitted) (explaining that the FAA favors arbitration agreements and "requires courts to enforce

4

agreements to arbitrate according to their terms"). Importantly, "the FAA . . . allows for the stay of federal court proceedings in any matter referable to arbitration." *Saadeh v. T-Mobile USA, Inc.*, No. 221CV12871BRMJSA, 2022 WL 193968, at *2 (D.N.J. Jan. 21, 2022) (citing 9 U.S.C. §§ 2-4). Moreover, the Third Circuit explained in *Lloyd v. HOVENSA, LLC.* that:

> [T]he plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration. . . . the statute clearly states, without exception, that whenever suit is brought on an arbitrable claim, the Court 'shall' upon application stay the litigation until arbitration has been concluded."

369 F.3d at 269.

8. Additionally, the Supreme Court has explained that prior to enforcing an arbitration agreement, a court must engage in a limited review to determine (1) whether there is a valid agreement to arbitrate, and (2) whether the specific dispute falls within the substantive scope of that agreement. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626-28 (1985). Notably, "[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983) (collecting cases).

9. Here, it is beyond cavil that the arbitration clause contained within the Operating Agreement is a valid agreement of the parties to arbitrate. Next, it is equally incontrovertible that the dispute herein falls within the substantive scope of the Operating Agreement. As noted above, the Operating Agreement provides that "[a]ll disputes arising under this Agreement shall promptly be submitted to arbitration . . ." *Operating Agreement*, ECF No. 116-2 § 22(i). In summary, the claims and counterclaims described in the Motion relate to business disputes arising out of the Operating Agreement. Moreover, the parties do not dispute the arbitrability of the issues or

whether the disputes at issue are covered by the Operating Agreement. To this end, the Motion is unopposed. Finally, even if there were any doubts concerning the arbitrability of the present issues, such concerns would be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25, 103 S. Ct. at 941.

10. In granting Defendant Grimes' Motion, the Court will stay the current action in its entirety. Courts in this district have explained that "[w]hen the parties and issues significantly overlap between a court proceeding and an arbitration, a court may stay the entire court action. That is true even where the overlap is not complete, for example, even if some of the parties or issues are not subject to arbitration." *Neal v. Asta Funding, Inc.*, No. CIV. 13-3438 KM MAR, 2014 WL 131770, at *3 (D.N.J. Jan. 6, 2014) (collecting cases).

11. Consequently, although the Motion only seeks to stay the proceedings as to Grimes, in light of the significant overlap between the issues before the court and issues at the heart of the Arbitration, the Court will administratively terminate this matter.

### III. Conclusion

12. Grimes' Motion to Stay Pending Arbitration is hereby **GRANTED**. Accordingly, this matter is hereby **STAYED** and **ADMINISTRATIVELY TERMINATED**. Counsel is directed to inform the Court when the Arbitration is concluded and request the matter be reopened.

*s/ Karen M. Williams*
KAREN M. WILLIAMS
United States District Judge